*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 16-BG-790

FILED 9/15/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

IN RE KATHY D. BAILEY, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 427407)

On Report and Recommendation of the Board on Professional Responsibility
Hearing Committee Number Five

Approving Petition for Negotiated Discipline
(BDN-341-12)

(Decided: September 15, 2016)

Before BECKWITH and MCLEESE, *Associate Judges*, and FARRELL, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Hearing Committee Number Five ("the Committee") recommends approval of a revised petition for negotiated attorney discipline. The violations stem from respondent Kathy D. Bailey's professional

misconduct arising from her negligent misappropriation of funds belonging to three clients, failure to supervise staff, and failure to maintain adequate records of client funds.

Respondent acknowledged that she (1) negligently misappropriated funds belonging to her firm's clients; (2) failed to hold client funds and third-party funds separate from the firm's funds; (3) failed to maintain adequate records of client funds; (4) failed to make reasonable efforts to ensure her firm had in effect measures giving reasonable assurance that all lawyers in the firm conformed to the District of Columbia Rules of Professional Conduct ("the Rules"); (5) was responsible for another lawyer's violation of the Rules; (6) failed to make reasonable efforts to ensure her firm had in effect measures giving reasonable assurance that the conduct of all nonlawyers in the firm was compatible with the professional obligations of a lawyer; and (7) supervised a nonlawyer but failed to make reasonable efforts to ensure that the person's conduct was compatible with the professional obligations of a lawyer, thereby violating Rules 1.15 (a), 5.1 (a) & (c), and 5.3 (a) & (b) of the Rules, and D.C. Bar Rule XI, § 19 (f).[1]  The

---

[1] The court deleted D.C. Bar Rule XI, § 19 (f), effective February 9, 2016, as duplicative of Rule 1.15 of the Rules, but the rule remained in effect at the time of respondent's misconduct.

Committee considered the aggravating factors and mitigating circumstances, which included the following: (1) respondent cooperated with Disciplinary Counsel; (2) respondent took full responsibility and agreed that aggravating factors support the imposition of a fitness requirement; (3) respondent has no prior discipline; and (4) the misconduct occurred during a discrete six-month period. Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a two-year suspension, with the requirement that respondent establish her fitness to practice law before reinstatement. After reviewing the revised petition for negotiated discipline, considering an amended supporting affidavit, and conducting a limited hearing, the Committee concluded that the revised petition for negotiated discipline should be approved.

We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI, § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a two-year suspension from the practice of law, with reinstatement conditioned upon demonstrating fitness to practice law, is appropriate considering

the existence of both aggravating and mitigating factors and the discipline imposed by this court in other cases of misappropriation.[2]

In accordance with our procedures in uncontested disciplinary cases, we agree that this case is appropriate for negotiated discipline, and we accept the Committee's recommendation. Accordingly, it is

ORDERED that Kathy D. Bailey is hereby suspended from the practice of law in the District of Columbia for two years, with reinstatement conditioned upon demonstrating fitness to practice law. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14 (g) and its effect on her eligibility for reinstatement. *See* D.C. Bar R. XI, § 16 (c).

*So ordered.*

---

[2] *E.g.*, *In re Fair*, 780 A.2d 1106, 1115-16 (D.C. 2001) (finding an attorney who negligently misappropriated funds and exhibited a pattern of neglect in the administration of an estate warranted a fourteen-month suspension from the practice of law with reinstatement conditioned on a showing of fitness).